[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff in this matter the New Haven Young Men's Institute is a Connecticut Corporation which was incorporated by a resolution of the Legislature of the State of Connecticut on May 5, 1841. The defendant is the City of New Haven. This is a CT Page 8513 tax appeal matter whereby the plaintiff is seeking a complete exemption from City taxes on real estate owned by it at 845-847 Chapel Street in New Haven for the Grand Lists of October 1, 1990 and October 1, 1991. The plaintiff already has a partial property tax exemption on said property. Said property is used by the plaintiff as a library and reading room for its members except for the first floor which is leased to a commercial firm.
The plaintiff's charter was approved by the Legislature on May 5, 1841 and reads as follows:
 INCORPORATING THE NEW HAVEN YOUNG MEN'S INSTITUTE PASSED 1841
 Upon the petition of Henry White and others, showing that they have associated together for the purpose of intellectual and moral improvement, and praying to be incorporated, as by petition on file, dated May 5, A.D., 1841, will more fully appear:
 Resolved by this Assembly, That the said Henry White, John B. Robertson, J. P. Humaston, Francis Bradley, Lucius A. Thomas, Edward C. Herrick, Charles B. Lines, Wm. W. Boardman, R. S. Hinman, Charles Durand, Atwater Treat and Charles W. Crosby, their associates and successors, be and they hereby are constituted a body corporate and politic, by the name of "The New Haven Young Men's Institute," and by that name shall have perpetual succession, and be capable in law to purchase, receive, hold and convey all kinds of property, the annual income of which shall not exceed ten thousand dollars; to sue and be sued, defend and be defended in all courts and places whatsoever, may have a common seal, and may change and alter the same at pleasure; may elect a president and such other officers and agents as they may find necessary and convenient, and make and carry into effect such by-laws and regulations as they may deem necessary to promote and secure the objects of the corporation. The first meeting of the institute shall be holden on the First Wednesday of CT Page 8514 August, A.D. 1841, in the city of New Haven, at such place as may be designated by a majority of the persons named above, by notice in one or more newspapers printed in said city of New Haven.
 Provided always, that this act may be altered, amended or repealed at the pleasure of the general assembly.
That charter was amended on March 18, 1881 to read as follows:
 AMENDING THE CHARTER OF THE NEW HAVEN YOUNG MEN'S INSTITUTE
 Resolved by this Assembly: That the charter of the New Haven Young Men's Institute be amended so as to read as follows:
 SECTION 2 The land and buildings in New Haven vested in trustees for the benefit of said institute, and all other property hereafter owned by said institute or held in trust for their use shall be exempt from taxation so long as such property is actually occupied by said institute or the net proceeds thereof applied to the support of its library or reading rooms or apparatus of instruction: provided, always, that this act may be altered, amended, or repealed at the pleasure of the general assembly.
Approved, March 18, 1881.
On January 15, 1878 the plaintiff acquired the property which is the subject of this case. (See Exhibit A).
Mr. Charles Terrell who is one of the trustees of the plaintiff and President of its library testified in this matter. He stated that the property at 845-847 Chapel Street, New Haven, Connecticut is owned by The New Haven Young Men's Institute also known as The Young Men's Institute Building Fund (hereinafter referred to as the Building Fund) which is a separate entity from the plaintiff, The New Haven Young Men's Institute. CT Page 8515
The Young Men's Institute Building Fund is a Trust Fund which was established in 1878 or before that receives income which is used to support the plaintiff's library. Mr. Terrell testified that the plaintiff has approximately 160 members who pay $15.00 per year in membership dues and that that is their only income. He stated that the Building fund earns approximately $43,500.00 per year in dividend and interest income from its investments which are worth approximately $1,200,000.00 (see Exhibits 2, 3 and 4). The Building fund also has rent income from the first floor of said building totaling approximately $27,000.00 annually. (See Exhibit 1) Mr. Terrell stated that the monthly rental of the tenant Nim's Imports, Inc. was recently reduced from $3,000.00 per month to $2,250.00 per month. He testified that the trustees of the Building Fund are chosen by the trustees of the plaintiff. He stated the present trustees of the Building Fund are members of the plaintiff but that that is not a requirement to be a Building Fund trustee. He stated that twenty to thirty new members are admitted to the plaintiff organization annually and that in the last six years no one has been denied membership. He stated that many members are elderly and that some move away from the area each year. He stated a small number of members are college students.
The purposes of the plaintiff are that of a library. They have a paid staff of librarians and it has existed since 1826 although a corporate charter was not granted until 1841. The plaintiff organization and library predates the New Haven Public Library.
David Totman a trustee and officer of the plaintiff testified that the plaintiff The New Haven Young Men's Institute and the trust fund known as The Young Men's Institute Building Fund file the same Federal Tax Return rather than two separate tax returns. He stated this was done only for purposes of convenience. He testified they are two separate organizations and that the only annual income the plaintiff has is the dues from its members. He stated that the assets of the Trust Fund known as The Young Men's Institute Building Fund come from gifts and donations given since approximately 1878. He stated the library received a gift (bequest) from a deceased member just last year and that that was put into said building fund. He was not sure if the gift was a bequest to the library or the Building Fund but there was no question said gift was to benefit the library operated by the plaintiff.
The taxes claimed by the City of New Haven for 1991 are $8,780.40 representing only a tax on the first floor of the subject premises. The plaintiff claims the first floor of said building is exempt from municipal taxes by virtue of its charter CT Page 8516 even though rental income is derived from the said first floor. The plaintiff has been given tax exempt status by the Federal Government. Mr. Terrell testified that the Federal Tax Identification number given to the plaintiff is used interchangeably by the plaintiff and the Building Fund. The court notes that the 1988 Federal Tax Return of the plaintiff was in the name of Young Men's Institute Building Fund (Exhibit 2) and the 1989 and 1990 Federal Tax Returns were in the name of The New Haven Young Men's Institute (Exhibits 3 and 4).
On July 10, 1990 the plaintiff appealed to the Board of Tax Review of the City of New Haven claiming it was exempt from municipal taxes by reason of the amendment to its charter set forth above and dated March 18, 1881. Said Board of Tax Review denied the plaintiff's application for tax exempt status on that portion of the subject property that it taxed. The plaintiff has been paying taxes on that portion of the subject property that it rents or leases for more than fifty years.
The plaintiff in its Trial Brief claims that the aforementioned Charter and Amendment thereto have not been repealed and are, therefore, still in effect. The defendant on the other hand claims that the tax exempt status of the plaintiff was repealed by implication in 1927 and that the only tax exemption the plaintiff is now entitled to is set forth in Connecticut General Statute 12-81 (7). The defendant also claims that the plaintiff's tax exemption is conditioned upon only having $10,000.00 or less in annual income.
The plaintiff has the burden of proving by a fair preponderance of the evidence that it is entitled to a tax exemption on the whole of the subject premises including that portion that is leased to a third party. The plaintiff has not sustained its burden of proof. Likewise the court is not persuaded by the defendant's argument that the exemption given the plaintiff on March 18, 1881 was repealed by implication in 1927 by the Connecticut Legislature when it enacted what is essentially Connecticut General Statute 12-81 (7). If the Legislature wanted to repeal all previously granted tax exemptions to private organizations then all it had to do was say so in appropriate language. This it did not do and this court, based on the evidence and briefs submitted to it relative to this matter, cannot so find.
The court finds, based on the evidence presented to it during this hearing, that there is no distinction between the plaintiff The New Haven Young Men's Institute and The Young Men's Institute Building Fund. As far as this court is concerned they are one and the same entity. Further, this court finds that the Charter Amendment of the plaintiff dated March 18, 1881 was an CT Page 8517 addition amendment to the original charter and did not alter the terms of the original charter. The Charter Amendment of March 18, 1881 is set forth as "Section 2." The original charter provisions of the plaintiff reads in part . . . and be capable in law to purchase, receive, hold and convey all kinds of property the annual income of which shall not exceed ten thousand dollars. . . . By the evidence presented during this hearing the plaintiff's annual income clearly exceeds Ten Thousand Dollars. Before the Charter Amendment of March 18, 1881 which grants tax exempt status to the plaintiff can be effective the conditions of the Charter Act of May 5, 1841 wherein the annual income of the plaintiff cannot exceed Ten Thousand Dollars must be met. This has not been met in this case as this court finds that the annual income of the plaintiff from its properties is in excess of Ten Thousand Dollars. Thus, this court finds the issues for the defendant and denies the plaintiff's request that the subject property be stricken from the Grand List and that it be reimbursed for the taxes paid on the Grand Lists of October 1, 1990 and October 1, 1991. In other words, this court finds that the plaintiff is not entitled to the tax exemption it seeks.
Judgment may enter accordingly.
William J. Sullivan, Judge